UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ROBERT MASON,

        Plaintiff,

v.

        Case No. 11-11390
        Honorable Thomas L. Ludington

ARCTIC CAT, INC.,

        Defendant.
_____/

**OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART PLAINTIFF'S MOTION TO STRIKE**

The bench trial in this employment dispute is scheduled to begin on Tuesday, May 22, 2012. Plaintiff Robert Mason now moves to strike two witnesses and several documents recently identified by Defendant Arctic Cat. ECF No. 16. Plaintiff notes that he made a discovery demand for the information contained in the documents in September 2011, but that Defendant did not produce the information. As Defendant has not demonstrated good cause for why it did not produce the documents, the Court will grant Plaintiff's motion in part. As the witness identification was timely made, however, the Court will also deny the motion in part.

**I**

**A**

This dispute arises out of the termination of Plaintiff's employment with Defendant. About a month before Plaintiff turned forty, Defendant terminated the relationship. Defendant asserts that it did so because Plaintiff repeatedly used a company credit card for personal expenses while reporting them as business expenses. Plaintiff disagrees, and so brought suit in state court alleging that: (1) Defendant terminated Plaintiff's employment because of his age,

violating Michigan's Elliot-Larsen Civil Rights Act, Mich. Comp. Laws §§ 37.2101–.2804; and (2) Defendant breached its agreement to pay Plaintiff's commissions for sales completed before his employment was terminated, entitling him to treble damages, attorney fees, and court costs pursuant to Mich. Comp. Laws § 600.2961.

Defendant removed the case to this Court on April 4, 2011. On April 25, 2011, a case management and scheduling order was entered. In pertinent part, it provides that discovery closed on November 1, 2011. Dispositive motions were due December 1, 2011.

The parties took discovery. In September 2011, Plaintiff served interrogatories and requests for production of documents on Defendant. In pertinent part, Plaintiff alleges that he asked "What documents if any, support Artic Cat's position that it is not required to pay Robert Mason's earned sales commissions?" Pl.'s Mot. to Strike 2–3, ECF No. 16. Defendant responded by producing a number of documents. Defendant did not, however, produce the documents that Plaintiff now seeks to strike.

In November 2011, Defendant moved for summary judgment. Defendant argued that it was entitled to judgment on the age discrimination claim because Plaintiff was not a member of a protected class and had not introduced any evidence of discriminatory animus. Defendant argued that it was entitled to judgment on the breach of contract claim because a restrictive covenant provided that Plaintiff was not entitled to commissions if he went to work for a competitor.

In February 2012, the motion was granted in part and denied in part. Defendant was entitled to judgment on the age discrimination claim, the Court explained, because Plaintiff offered no evidence that Defendant's proffered reason for ending the employment relationship (misuse of the company credit card) was pretextual. Defendant was not entitled to judgment on

Plaintiff's breach of contract claim, however, because genuine issues of fact exist as to whether Defendant's proffered restrictive covenant formed part of Plaintiff's employment contract. Specifically, questions of fact exist as to whether either party manifested an intent to be bound by the restrictive covenant's terms:

> First, and somewhat surprisingly, a question exists as to whether Defendant itself manifested its intent to be bound. In support of its allegations Defendant proffers two versions of its "Commission Payment Policy." A single glance, however, shows that Defendant has not manifested its intent to be bound by either. Literally, Defendant has not "approved" them: the "approved by" line is blank on both. Defendant's own approval, its manifested intent to be bound, it is necessary for an offer.
>
> Likewise, an issue of fact exists as to whether Plaintiff manifested his intent to be bound. As discussed above, Defendant's manager of compensation and benefits, Randy Twistol, testifies that the restrictive covenant "was distributed to all DSMs personally at the Snowmobile Sales Show in Nashville, Tennessee on or about February 22, 2008." Mr. Twistol does not, however, expressly assert that Plaintiff was present at the Nashville snowmobile sales show. Moreover, unlike the signed acknowledgements that Defendant required for receipt of the employee handbooks, Defendant did not ask for signed acknowledgements for the receipt of the policy. Defendant thus has no direct evidence it gave Plaintiff notice of the policy.
>
> And Plaintiff unambiguously testifies that he did not receive it, asserting: "The policy and procedure which is Exhibit 9 to Defendant's Motion, I only saw for the first time when I received it along with a letter dated January 13, 2009 from Randy Twistol explaining why the company was not going to pay my post-termination commissions and bonuses." Affirming his contention under questioning from Defendant's counsel during his deposition, Plaintiff reiterated: "I'm not aware of this policy and procedure at all. It was never presented to me in any way, shape or form that I recall."

*Mason v. Arctic Cat, Inc.*, No. 11–11390, 2012 WL 380243, at *13 (E.D. Mich. Feb. 6, 2012) (internal citations omitted).

Even if the restrictive covenant formed part of Plaintiff's employment contract, the Court also noted, an issue of fact exists as to whether the company that Plaintiff went to work for is a competitor of Defendant.

**B**

On March 19, 2012, Defendant served on Plaintiff a document titled "First Amended Federal Rule Civil Procedure 26(a)(1) Disclosure." It noticed two witnesses, Larry Finseth and Gary Flynn, and four documents that had not previously been disclosed. The documents included:

1. An email sent on February 22, 2008, to regional sales managers regarding the commission policy adopted by Defendant;

2. An email sent on March 11, 2008, by Randy Twistol to district sales managers regarding the commission policy;

3. A screen shot of Plaintiff's email inbox showing that he received and opened the March 11 email from Mr. Twistol the same day it was sent; and

4. A confidential document of suggesting that Teton Outfitters, LLC, d/b/a Klim USA is and was all times relevant to this case a competitor of Arctic Cat.

*See* Def.'s Resp. Pl.'s Mot. Ex. 4 ¶ 3, ECF No. 17-5.

The next day (on March 20, 2012) Defendant served on Plaintiff a "Second Rule 26(a)(1) Disclosure" identifying additional documents, "Arctic Cat PowerPoint refresher materials regarding outerwear." *Id*. Ex. 5 ¶ 1.

Plaintiff now moves to strike these witnesses and documents. Noting that the discovery deadline was November 1, 2011, and that Defendant did not supplement its discovery responses, Plaintiff argues that he would be prejudiced by if the documents are admitted. He elaborates that "it would be patently unfair to allow Defendant to skirt the real intent of the Court's Case Management And Scheduling Order by waiting to the last minute, after it had already filed dispositive motions and disclose the names of witnesses and/or evidentiary documents at such a time that Plaintiff would be precluded from adequately preparing to address same at the time of trial." *Id*. at 7–8.

Defendant responds that its "amended Rule 26 disclosures were timely because the witnesses and exhibits referenced were either disclosed for purposes of rebuttal or on issues that only became apparent after the court's ruling on Arctic Cat's summary judgment motion." Def.'s Resp. 2.

## II

The Federal Rules of Civil Procedure require federal court exercise judicial management, including governing the pretrial schedule via scheduling order. Fed. R. Civ. P. 16. In pertinent part, Rule 16 provides: "The scheduling order must limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). The rule cautions, "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

"Good cause" in this context "is met by determining the moving parties' diligence in attempting to meet the scheduling order and whether the opposing party will suffer prejudice." *Station Enters., Inc. v. Ganz, Inc*., No. 07-CV-14294, 2009 WL 3059148, at *5 (E.D. Mich. Sept. 24, 2009).

Rule 16 also establishes sanctions for not complying with a scheduling order, with subsection (f) providing: "On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f). The advisory committee notes to Rule 16 elaborate:

> [E]xplicit reference to sanctions [reinforces] the rule's intention to encourage forceful judicial management. . . . As is true under Rule 37(b)(2), the imposition of sanctions may be sought by either the court or a party. In addition, the court has discretion to impose whichever sanction it feels is appropriate under the circumstances. Its action is reviewable under the abuse-of-discretion standard.

Fed. R. Civ. P. 16 advisory committee notes to 1983 amendment.

Rule 37(b)(2), in turn, authorizes a court to sanction a party by "prohibiting the disobedient party . . . from introducing designated matters in evidence." Fed. R. Civ. P. 37(b)(2)(A)(ii); *see, e.g.*, *Station Enters.*, 2009 WL 3059148, at *5 (imposing sanctions); *In re Air Crash Disaster at Detroit Metro. Airport on August 16, 1987*, 130 F.R.D. 652, 653–54 (E.D. Mich. 1989) (same).

Likewise, a continuing duty to supplement disclosures and responses is created by Rule 26(e), which provides in pertinent part:

> A party who . . . has responded to an interrogatory, request for production, or request for admission — must supplement or correct its disclosure or response:
> (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or
> (B) as ordered by the court.

Fed. R. Civ. P. 26(e)(1). Rule 37(c), in turn, provides that if a party does not supplement a response, the evidence will be excluded:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Fed. R. Civ. P. 37(c)(1).

Moreover, the Sixth Circuit instructs, district courts also possess an "inherent power to sanction." *Toth v. Grand Trunk R.R.*, 306 F.3d 335, 344 (6th Cir. 2002). Specifically, the court may order "exclusion of evidence, continuance, or other action deemed appropriate by the court as a sanction for breach of the duties set forth under Rule 26(e)." *Id*. (internal alterations omitted) (quoting *Hines v. Joy Mfg. Co.*, 850 F.2d 1146, 1153 (6th Cir.1988)).

In this case, Defendant explains, "it was the court's order granting the defendant's motion that caused Arctic Cat to review the witnesses and documents that had been previously disclosed. The disclosures that were made focused on the issues that remained and were limited to only a few documents." Def.'s Resp. 6. Defendant elaborates that the documents' utility "only became apparent after the court's ruling on Arctic Cat's summary judgment motion." *Id*. at 2.

Defendant does not explain, however, why it did not produce the documents in response to Plaintiff's discovery request "What documents if any, support Artic Cat's position that it is not required to pay Robert Mason's earned sales commissions?" Defendant does not dispute that the documents are responsive. As Defendant has not demonstrated that it had good cause for not producing the documents, Defendant will be prohibited from introducing the documents in its case-in-chief.[1]

Defendant will not, however, be prohibited from calling the two witnesses identified in the first amended Rule 26 disclosure. Defendant correctly observes that the scheduling order does not include a witness disclosure date. Likewise, the disclosures were timely under the federal rules and the local rules.

In pertinent part, Federal Rule of Civil Procedure 26 provides that thirty days before trial a party must disclose "the name and, if not previously provided, the address and telephone number of each witness — separately identifying those the party expects to present and those it may call if the need arises." Fed. R. Civ. P. 26(a)(3)(A)(i). Likewise, Local Rule 16.2 provides that "[e]ach party shall list all witnesses whom that party will call and all witnesses whom that party may call" as part of the joint final pretrial order, which is due on or before the final pretrial conference (in this case, May 1, 2012). See E.D. Mich. L.R. 16.2(a)–(b). Under these rules, Defendant's witness disclosures were timely made.

---

[1] The Court expresses no opinion as to whether the documents may be admissible for other purposes.

**III**

Accordingly, it is **ORDERED** that Plaintiff's motion to strike (ECF No. 16) is **GRANTED IN PART AND DENIED IN PART**.

It is further **ORDERED** that Defendant is **PROHIBITED** in its case-in-chief from introducing the additional documents identified in: (1) paragraph three of Defendant's first amended Rule 26 disclosure; and (2) paragraph one of Defendant's second amended Rule 26 disclosure.

Dated: May 4, 2012

                                              s/Thomas L. Ludington
                                              THOMAS L. LUDINGTON
                                              United States District Judge

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 4, 2012.

                                    s/Tracy A. Jacobs
                                    TRACY A. JACOBS